# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4773 | **DATE** | 10/9/2012 |
| **CASE TITLE** | Antoine Watson (#2009-0042038) vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Cook County Jail, and to issue summons for service of the complaint on Sheriff Tom Dart. The Clerk shall send Plaintiff a magistrate judge consent form and filing instructions for this Court. The Cook County Jail and the Cook County Department of Corrections are dismissed as Defendants.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff Antoine Watson, currently incarcerated at the Cook County Jail, has filed this 42 U.S.C. § 1983 civil rights action against the jail and against Cook County Sheriff Tom Dart. Plaintiff alleges that there was no heat in his cell in Tier 2 of Division 9 for the winter of 2011-12. Plaintiff contends that he complained several times and wrote several grievances; that Facilities Management (the organization that maintains the jail) was made aware of the problem but never fixed it; and that an officer can attest to how cold Plaintiff's tier was. Plaintiff seeks to file his complaint *in forma pauperis* and also seeks the appointment of counsel.

The Court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Plaintiff is assessed an initial partial filing fee of $12.20. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

Preliminary review of the allegations stated above, *see* 28 U.S.C. § 1915A, indicates that Plaintiff states a colorable cause of action such that Tom Dart must respond to the complaint. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (significantly cold temperatures can amount to an unconstitutional condition of confinement); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428–29 (7th Cir. 1996) (a jail supervisory official, such as a sheriff, can be expected to have knowledge of systemic jail conditions). Plaintiff cannot, however, proceed against the Cook County Jail or the Cook County Department of Corrections (which is simply another term for the jail). *Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993) (a jail is not a separate suable entity from the county and cannot be named as a defendant).

| STATEMENT |
|---|

    The Clerk shall issue summons for service of the complaint on Cook County Sheriff Tom Dart, and the United States Marshals Service is appointed to serve him. Any service forms necessary for Plaintiff to complete for service will be sent by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of Defendant. The Marshal shall make all reasonable efforts to serve Defendant. With respect to any former jail employee who can no longer be found at Cook County Jail, officials there shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall neither be disclosed by the Marshal nor kept in the Court's file. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to the Defendant or his counsel, if an attorney enters an appearance on his behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

    Plaintiff's motion for the appointment of counsel is denied without prejudice. The issues of this case are not complex, and plaintiff appears to be competent to represent himself. Counsel is not warranted at this time. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).